FLINT & PERE MARQUETTE RAILWAY COMPANY ET AL. v. AUDITOR GENERAL.

*Parties—Highway tax—Costs on appeal bond.*

A conveyance of land to trustees to secure an indebtedness is only a mortgage and does not preclude the owner from claiming the title in fee and seeking relief against an illegal tax.

A special highway tax exceeding the amount allowed by law and assessed for a highway not legally laid out, and without any showing in the township records that it had been voted, is void.

Costs are allowed on the Auditor General's appeal bond on affirmance of a decree clearing the title of lands from a void and clearly illegal assessment.

Appeal from Lake. Submitted Oct. 8. Decided Oct. 14.

BILL TO RESTRAIN THE SALE of land for taxes. Defendant appeals.

*William L. Webber* for complainant.

*Taggart, Stone & Earle* for defendant. A trust deed conveying the legal and equitable title and leaving the grantor only a right of reconveyance after the execution of the trust, vests the full legal title in the trustees, *Lessee v. Wright*, 6 McL., 340; *Anderson v. Holloman*, 1 Jones (N. C.) Law, 169; *Thornhill v. Gilmer*, 4 Sm. & M., 153; *Brown v. Bartee*, 10 id., 268; *Hannah v. Carrington*, 18 Ark., 85; *Cook v. Dillon*, 9 Iowa, 407; *Taylor v. King*, 6 Munf., 358; *Huckabee v. Billingsly*, 16 Ala., 414; *Reece v. Allen*, 5 Gilm. (Ill.), 236; *Morris v. Way*, 16 Ohio, 469; 2 Amer. L. Reg. (N. S.), 656; *Wetherbee v. Green*, 22 Mich., 321; *Thatcher v. St. Andrews Church*, 37 Mich., 264; *Tucker v. Ferguson*, 22 Wall., 527; every express trust vests the whole legal and equitable estate in the trustees, Comp. L., § 4129; Perry on Trusts, § 749; Hill on Trusts, 229; 2 Washb. R. P., 80; a party alleging title must prove it as alleged, *Lull v. Davis*, 1 Mich., 77; *O'Neal v. Boone*, 82 Ill., 589; *Andrews v. Farnham*, 2 Stockt., 91; *Gilbert v. Galpin*, 3 Stockt., 445; *Seaton v. Son*, 32 Cal., 481; *Kidd v. Manley*, 28 Miss., 156; *Singleton v. Scott*, 11 Iowa, 589; *Ford v. Loomis*, 33 Mich., 121; *Peckham v. Buffam*, 11 Mich., 529; *Moran v. Palmer*, 13 Mich., 367; *St. Andrew's Bay Land Co. v. Campbell*, 5 Fla., 560; *Flint v. Jones*, 5 Wis., 424; *Parsons v. Heston*, 11 N. J. Eq., 155; *Smith v. Axtell*, 1 id., 494; *Mallory v. Mallory*, 1 Busb. (N. C.) Eq., 80; *McBrayer v. Roberts*, 2 Dev. Eq., 75; *Thayer v. Lane*, Walk. Ch., 200; *LeBaron v. Shepherd*, 21 Mich., 263; *Rudd v. Rudd*, 33 Mich., 101; *Parker v. Carter*, 4 Munf., 273; *Thomas v. Warner*, 15 Vt., 110; *Knox v. Smith*, 4 How., 298: Story's Eq. Pl., § 257; where the title is in trustees the *cestuis que trust* and the beneficiaries cannot maintain an action to restrain an assessment on the property unless the trustees refuse and are made parties defendant, *Western R. R. Co. v. Assessors*, 48 N. Y., 513; *Davis v. R. R. Co.*, 11 Cush., 506; 2 Add. on Torts, 1105; where the record of a town meeting showed that a resolution to assess a tax was offered, but by a clerical omission did not show

that it was passed, though the fact that it was actually voted was certified by the township clerk to the supervisor, and the certificate was filed by the supervisor with the county clerk and presented to the board of supervisors, who authorized the tax, the omission in the record does not affect the validity of the tax, *Alb. & Bost. Mining Co. v. Aud. General*, 37 Mich., 391; and can be amended in accordance with the facts, Cooley on Taxation, 234; *Atkins v. Hinman*, 2 Gilm. (Ill.), 451; *Dunham v. Chicago*, 55 Ill., 357.

MARSTON, J. Complainants seek relief against an alleged special highway tax assessed upon their lands.

The objection that the railway company is not owner in fee of the lands claimed by it is not well taken. The complainant railway obtains its title under an act of Congress granting certain lands to aid in the construction of the road, and the conveyance by the company to certain trustees was for the purpose of securing an indebtedness of the company. It was but a mortgage and would not deprive the company of the right to come into court, claiming title to the lands in fee, and ask to have them protected against illegal exactions.

The tax complained of is clearly illegal, unauthorized and void. The records of the township do not show that any such tax was voted to be raised; the highway had not been legally laid out, and the amount attempted to be raised was in excess of that permitted by law. The manner in which the affairs of the township where these lands are situate, were conducted, as shown by the record, is one not to be commended. Indeed it is somewhat difficult to properly characterize the different acts of the township officers in reference to this matter. It would seem as though a combined and systematic effort had been made by a few individuals to enrich themselves at the expense of the non-resident land holders, but in apparent conformity with law. In their efforts to do this some of the plainest legal principles

were set at defiance or not observed. We do not deem it necessary to enter into details. The decree of the court below will be affirmed. This is not a case where we can award costs against the State, and yet complainants are clearly entitled to costs, which we award them, to be collected on the appeal bond.

The other Justices concurred.